**Jaspinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74512.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Jaspinder Singh, S. Richmond Hill, NY, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Rhonda M. Dent, Esq., U.S. Department

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jaspinder Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings based on changed country conditions. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

In August 2004, Singh moved to reopen, arguing that conditions in India had changed since his hearing in April 2003, at the conclusion of which the immigration judge denied his application for asylum, withholding of removal, and protection under the Convention Against Torture. Singh submitted media reports dated between 2000 and 2002, and offered no explanation why these reports were not available and could not have been presented at the hearing in April 2003, or how these reports indicated changed conditions in 2004. The BIA did not abuse its discretion when it denied reopening. *See id.* at 895 ("a motion to reopen may only be granted upon a proffer of material evidence that was not available and could not have been discovered or presented at the former hearing.") (quotation omitted).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We do not consider the new evidence attached to Singh's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

Singh's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED.**